# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 4:16-cr-170-SWW |
| | ) | |
| ROY LEE BOLES JR. | ) | |

## UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS

The United States of America, through Christopher R. Thyer, U.S. Attorney for the Eastern District of Arkansas, and Hunter Bridges, Assistant U.S. Attorney, responds as follows.

## BACKGROUND

While on patrol in North Little Rock, Officer Haley pulled over a car with a cracked windshield because he did not believe the car to be in safe operating condition. The stop lead to a search, which in turn uncovered a pistol in the floor near the car seat where Boles was sitting, and where Officer Haley says he saw Boles place something on the floor as the vehicle came to rest. Boles says the search was improper because there was no reasonable suspicion to pull the car over in the first place. The fighting issues, then, are whether a cracked windshield can sustain reasonable suspicion, and whether it does so in Boles's case. The Eighth Circuit has spoken to the first question; Officer Haley would testify to the second. The answer to both questions is emphatically yes.

## ANALYSIS

"Driving a vehicle with a windshield cracked across the driver's field of vision . . . is a 'safety defect' under ARK. CODE ANN. § 27-32-101(a)(2)(A)." *United States v. Davis*, 598 Fed. Appx. 472, 473 (8th Cir. 2015) (unpublished). Relying on a decision from the Arkansas Supreme Court, *Villanueva v. State*, 426 S.W.3d 399, 402 (Ark. 2013), the Court of Appeals was clear that

under the facts of that particular case, a cracked windshield was a sufficient basis for the stop. The question then, is a matter of degree. How cracked was this windshield?

Was it cracked in a manner that made it objectively reasonable for Officer Haley to stop the car because he thought it had a safety defect? *United States v. Washington*, 455 F.3d 824, 827 (8th Cir. 2006); ARK. CODE ANN. § 27-32-101(a)(2)(A). Boles is correct that there is no photo or video of the broken windshield from the date of the stop. Haley's patrol unit was not equipped with a dash camera and he took no pictures of the windshield that day. The United States anticipates that Officer Haley would testify that the vehicle he stopped had multiple large cracks across the driver's side of the front windshield. Haley would further testify that it is his practice to stop a vehicle for a cracked windshield only if it appears to obstruct the driver's view.[1] Officer Haley would testify that he did not ticket the driver for the broken windshield, because it came to his attention during the stop that the driver of the vehicle had only recently come into possession of the car, and he wanted to provide the driver a reasonable opportunity to remedy the problem.

## CONCLUSION

"[A]ny traffic violation, regardless of its perceived severity, provides an officer with probable cause to stop the driver." *Washington* at 826. Under established case law, Officer Haley had an objectively reasonable basis for believing that the driver had breached a traffic law. Because the stop was valid, the resulting search, discovery of guns and drugs, and statements from Boles and the driver of the vehicle are admissible. For the foregoing reasons, the United States respectfully requests that Court deny Boles's motion to suppress.

---

[1] To clarify: Officer Haley did initiate a traffic stop utilizing his blue lights. However, he did so nearly contemporaneously with the car's arrival at its destination. Thus, he asserts, when Boles exited the car, he was not aware that the police were present.

Respectfully submitted,

CHRISTOPHER R. THYER
United States Attorney

By: */s/ Hunter Bridges*
HUNTER BRIDGES (2012282)
Assistant U.S. Attorney
P.O. Box 1229
Little Rock, AR 72203
(501) 340-2600
Hunter.Bridges@usdoj.gov

CERTIFICATE OF SERVICE

I certify that on this 24th day of January 2017, a copy of the foregoing was electronically filed with the Clerk of the Court by and provided to counsel of record using the Case Management/Electronic Case Files (CM/ECF) system and/or mailed to those who are not users on the CM/ECF system.

*/s/ Hunter Bridges*
HUNTER BRIDGES
Assistant United States Attorney